Burbank vs. Gas Company.

## No. 8722.

### EDWARD W. BURBANK VS. THE JEFFERSON CITY GAS LIGHT COMPANY.

The plaintiff, the holder of certain bonds of the defendant Company, which had matured, accepted in renewal thereof new bonds of the Company having ten years to run, secured by mortgage on all the property and franchises of the Company, under an express contract that the Company would procure the passage of an act of the General Assembly at its next ensuing session thereafter, validating the mortgage given, so far as it included movable property, and this condition was the consideration for the extension granted. The plaintiff sues on the new bonds, alleging that they are exigible because of the failure of the Company to have the act passed. On exception that there was no cause of action, for the reason that the act in question would have been unconstitutional, and the condition was, therefore, impossible, *held*, that there was a cause of action, and a general act to effect the desired object would not be repugnant to the Constitution.

A PPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

*Chas. S. Rice* for Plaintiff and Appellant:

1. The defendant having proposed, and the plaintiff having assented to the renewal of certain bonds held by him, on certain terms and conditions, the condition, not happening within the time limited, is considered as having failed. C. C. 2033; Yeatman vs. Bradwell, 1 An. 424.
2. If the proposal so assented to contained, as claimed by the defendant, an impossible condition, or one *contra bonos mores*, or reprobated of law, and was, therefore, null, the agreement depending upon that condition, to-wit: to renew the bonds or to extend the time of payment, is null, and the bonds are due and exigible. C. C. 2031.
3. The stipulation or condition, assumed by defendant, to validate the mortgage given to plaintiff by obtaining the passage and approval of an act of legislature to that end, is not in derogation of Art. 46 of the State Constitution : nor was the act for that purpose necessarily to be a special act. C. C. 1931, 1956; Rev. Stat. 692, 2396; Act No. 13 of 1880; Sec. 4, Act No. 125 of 1880; Act No. 102 of 1882.

*Blanc & Butler* for Defendant and Appellee :

1. The agreement in controversy was made in contravention of a prohibitory law, is therefore void, and without effect. C. C. Arts. 11, 12, 1893, 1895; Constitution of 1879, Article 46, pars. 1 and 14.
2. Any agreement to influence legislation is against public order and good morals, and is, therefore, null. C. C. Arts. 1895, 231; 4 M. 49; 1 An. 176, 419; 12 An. 219; 13 An. 209; 17 An. 261; H. D. pp. 1007, 1008, 1009; 21 Wall. 445.

The opinion of the Court was delivered by

TODD, J. This appeal is taken from a judgment maintaining an exception and dismissing plaintiff's suit.

The plaintiff was the holder of a number of mortgage bonds of the defendant Company, dated 10th March, 1870, and maturing ten years thereafter.

These bonds falling due, the directors of the Company adopted a resolution to the effect that, inasmuch as the holders of the bonds had consented to renew them on certain conditions, the president of

the Company be authorized to issue new bonds, bearing date the 10th of March, 1880, due ten years from date, the interest payable semi-annually, and secured by mortgage on all the property and franchises of the Company. Then follows the following clause in the resolution, which, as it has an immediate bearing on the point at issue, we quote:

"Said act (of mortgage) to contain the further stipulation on the part of this Company, that it will, by its proper officers, obtain at the next regular, or special, as the case may be, session of the General Assembly of Louisiana, the passage and approval of an act to render valid the said mortgage to be granted, so far as the same relates to the movable property and franchises of this Company, not now mortgageable by law of Louisiana, and in case of neglect or failure to do so, that the said bonds and mortgage, which is to import a confession of judgment, shall at once be due and exigible."

· The plaintiff, as the holder of 84 of the bonds issued under this resolution, brought suit thereon on the 3d of August, 1882.

Among other allegations he alleged, in substance, that since the issuing of the bonds, and the execution of the mortgage to secure them, there had been both a general and special session of the General Assembly of the State, and the defendant had failed to procure the passage of an act validating said mortgage, as stipulated in the resolution and contract, and that the condition of the extension granted having failed, that the bonds were exigible, and judgment was asked accordingly.

The exception filed to the demand was to the effect that the stipulation in the mortgage, wherein the defendant Company undertook to procure the passage of an act validating the mortgage, so far as related to movable property and the franchises of the Company, was in violation of the Constitution, and the contemplated act was prohibited thereby, and the said condition was, therefore, null and void, and that the bonds were not exigible and there was no cause of action.

This defense seems to be based on Art. 2031, C. C., which is cited by defendant's counsel. That Article reads:

"Every condition of a thing impossible, or *contra bonos mores*, or prohibited by law, is null and renders void the agreement which depends upon it."

Granting that the condition was impossible and, consequently, null, we are not prepared to say that any other result would flow from it than the annulling or avoiding the extended term for their payment and make them eligible at once. But pretermitting any expression of opinion on this point, we do not believe that the condition stipulated was an impossible condition. It is urged that the proposed act would be repugnant to that clause of Article 46 of the present State Consti-

tution which prohibits the General Assembly from passing any local or special law granting to a corporation special or exclusive right, privilege or immunity.

Conceding that a special act in furtherance of the object sought to be attained by the resolution and contract referred to would be obnoxious to this Article of the Constitution, still it was not and is not essential to secure the end in view, that a local or special law to that effect should be passed. The object could be attained by extending, by a general act, to this and other corporations of a like nature, the right or privilege desired, which, by Acts 13 and 125 of 1880, amending and reënacting Sections 692 and 2596 of the Revised Statutes, is granted to railroad, turnpike and other companies designated. This could be effected by amending those general acts so as to include gas light companies in their provisions.

Such a general act would be no more obnoxious to the constitutional inhibition than those general laws referred to, and which are unquestionably valid.

Viewed in this light the condition referred to was not an impossible one. As to its being opposed to public policy and good morals, so strongly urged by defendant's counsel, there was no such issue raised by the pleadings, but even had there been, we cannot see that an undertaking to obtain the passage of an act of this nature, not being a contract for a pecuniary consideration to procure special legislation, and not tainted in the least by fraud, corruption or anything wrong whatever, could be deemed as obnoxious to this charge.

We think there was a present cause of action set out in the petition, and that the exception was erroneously sustained.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed; that the exception be overruled, and the case remanded, to be proceeded with according to law.

Rehearing refused.